**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 06-cr-80171-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,
v.

DANNY VARELA,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant Danny Varela's Motion for Reduction of Sentence under Section 404 of the First Step Act Title 18 U.S.C. § 3582(c)(1)(B), ECF No. [1220] ("Motion"). The Government filed a response in opposition, ECF No. [1225] ("Response"), to which Defendant did not file a reply.[1] The Court has reviewed the Motion, the Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

    **I.**    **BACKGROUND**

On February 14, 2008, a federal grand jury returned a third superseding indictment charging Defendant and others with non-capital firearms and drug offenses, and other defendants with carjacking and capital crimes involving the deaths of four individuals. ECF No. [305]. Of the sixteen-count indictment, Defendant was charged in nine counts. Following a jury trial, Defendant

---

[1] On July 27, 2020, the Court granted the Government's motion for extension of time to respond to the Motion and ordered Defendant to refile his Motion with a legible copy of page 9. ECF No. [1223]. On August 7, 2020, Defendant refiled a document listed as page 9, but that refiled page was fully legible in the Motion and was not the page at issue as it is the CM/ECF page number 9. However, the Court is able to read the page although lighter in color than the other pages. ECF No. [1224].

was convicted on all charged counts. ECF No. [793]. On May 21, 2009, Defendant was sentenced to life imprisonment, five years' supervised released, and a $900 special assessment for his convictions in the following counts: conspiracy to possess with intent to distribute at least 50 grams of cocaine base and at least 5 kilograms of cocaine in violation of 21 U.S.C. § 846 (Count 1); possession with the intent to distribute at least 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 2); possession of one or more firearms and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count 3); distribution of at least 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 11); possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(1) (Count 12); possession with the intent to distribute at least 50 grams of cocaine base and at least 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 13); possession of one or more firearms by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count 14); use and carry one or more firearms, during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(1) (Count 15); and possession of a firearm not registered in the National Firearms Registration and Transfer Record in violation of 26 U.S.C. § 5861 (Count 16). ECF No. [924].[2] Defendant directly appealed, and his convictions were affirmed. *See United States v. Lopez*, 649 F.3d 1222 (11th Cir. 2011). He thereafter unsuccessfully moved for post-conviction relief. *See Varela v. United States*, 16-cv-80333-DTKH, ECF Nos. [10], [14], and [22].

Defendant now moves for a sentence reduction pursuant to the First Step Act of 2018

---

[2] Defendant's sentences on each count for imprisonment are as follows: life imprisonment as to each of Counts 1 and 13 to be served concurrent; 40 years' imprisonment as to each of Counts 2 and 11 to be served concurrent with Counts 1 and 13; 120 months' imprisonment as to each of Counts 3, 14, and 16 to be served concurrent with Counts 1 and 13 and 2 and 11; 60 months' imprisonment as to Count 12 to be served consecutive; and 300 months' imprisonment as to Count 15 to be served consecutive. ECF No. [924] at 3.

("First Step Act"), requesting that the Court enter an amended judgment reducing his sentence and setting the case for a resentencing hearing. ECF No. [1220].

## II.   DISCUSSION

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194 (11th Cir. 2010); *see also United States v. Maiello*, 805 F.3d 992, 999-1000 (11th Cir. 2015) (stating that a court may modify a final sentence only when one of the limited exceptions in § 3582(c) applies). One such narrow exception to the general prohibition against modifying a previously-imposed sentence is found in 18 U.S.C. § 3582(c)(1)(B), which provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."

The Fair Sentencing Act of 2010 ("Fair Sentencing Act") was passed to reduce the disparity in treatment of cocaine base and powder cocaine offenses. *See Dell v. United States*, 710 F.3d 1267, 1271 (11th Cir. 2013) (acknowledging disparity). Section 2 of the Fair Sentencing Act modified the statutory penalties under 21 U.S.C. §§ 841(b)(1)(A) & (B) and increased the quantity of crack cocaine that triggered mandatory minimum penalties. However, the Fair Sentencing Act was not made retroactively applicable until passage of the First Step Act on December 21, 2018. The only portion of the First Step Act that expressly permits a Court to reduce a previously imposed sentence is § 404, which allows (but does not require) courts to retroactively apply certain provisions of the Fair Sentencing Act on the statutory penalties for offenses involving a cocaine base. *See United States v. Brown*, 791 F. App'x 785, 788 (11th Cir. 2019) (recognizing that § 404 First Step Act motions are governed by § 3582(c)(1)(B)).

Section 404(b) of the First Step Act expressly permits the Court to impose a reduced

sentence as if §§ 2 or 3 of the Fair Sentencing Act were in effect at the time the covered offense was committed. Pub. L. No. 115-391, 132 Stat. 5194. A "'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, . . . that was committed before August 3, 2010." *Id.* As such, the changes in the statutory penalties under 21 U.S.C. §§ 841(b)(1)(A) & (B) apply retroactively to a sentence rendered prior to the effective date of the Fair Sentencing Act. The authority to reduce a sentence under the First Step Act applies only to (1) federal crack cocaine offenses, (2) committed prior to August 3, 2010, (3) for which the Fair Sentencing Act modified the statutory penalty range. Further, relief granted pursuant to the First Step Act is discretionary. *See United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998) ("[t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary.").

Thus, in analyzing a First Step Act motion, the Court makes two determinations: one, whether the defendant is eligible for relief under the First Step Act, and two, if so, whether the Court should exercise its discretion to grant a sentence reduction. *See United States v. Alvarez*, No. 14-CR-80110, 2019 WL 9045535, at *1 (S.D. Fla. May 9, 2019) ("When the district court considers a § 3582(c)(2) motion, it must apply a two-step approach. First, the court must determine if the defendant is eligible for relief under § 3582(c)(2), and if so, determine the 'amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing.' The court must then decide whether to exercise its discretion to impose the newly calculated sentence under the amended Guidelines or retain the original sentence by considering the § 3553(a) factors.") (internal citations omitted).

    **A.**    **Eligibility for a sentence reduction**

Defendant argues that he is eligible for a sentence reduction under the First Step Act as to

4

Counts 1 and 13, which offenses involved crack cocaine. ECF No. [1220] at 6 (citing ECF No. [305]); *see also* ECF No. [793] (jury unanimously finding at least 50 grams of crack cocaine involved in each of Counts 1 and 13). Although not fully clear from the Response, the Government appears to argue that Defendant is eligible under the First Step Act as to Count 13, but not as to Count 1. *See* ECF No. [1225] at 6-7. Upon review, the Court does not agree that Counts 1 and 13 should be treated differently for purposes of analysis. Each count (both in the third superseding indictment and the jury verdict finding) involved over 50 grams of crack cocaine, the same offense end date before August 3, 2010, and the same underlying criminal activity. The only difference is Count 1 involves conspiracy to possess with intent to distribute controlled substances while Count 13 concerns possession with intent to distribute controlled substances.

Each of these counts is a "covered offense" under the First Step Act. *See United States v. Glover*, No. 19-11742, 2020 WL 4540349 (11th Cir. Aug. 6, 2020) (vacating and remanding order on First Step Act motion where offenses at issue included conspiracy to distribute 50 grams or more of crack cocaine and possession with intent to distribute 50 grams or more of crack cocaine); *United States v. Wright*, No. 19-14191, 2020 WL 4695182, at *3 (11th Cir. Aug. 13, 2020) (holding that district court erred in finding defendant ineligible for relief under the First Step Act where defendant was "charged in 2003 with conspiracy to possess with intent to distribute 'fifty (50) grams or more' of crack cocaine, and possession with intent to distribute 'fifty (50) grams or more' of crack cocaine" and "[b]oth the indictment and the jury verdict made a drug-quantity finding of 50 grams or more of crack cocaine"); *United States v. Bullock*, No. 20-10469, 2020 WL 4436267 (11th Cir. Aug. 3, 2020) (vacating order denying First Step Act motion where offense involved conspiracy to possess with intent to distribute crack cocaine and powder cocaine, and noting that the Government "concedes" that the sentence involved a "covered offense").

Further, the modified statutory penalty for this quantity of crack cocaine today is now a term of imprisonment between five years and 40 years, not life imprisonment. 21 U.S.C. § 841(b)(1)(B)(iii). Accordingly, the Court concludes that Defendant is eligible for a sentence reduction under Counts 1 and 13. The Court next turns to whether a sentence reduction is warranted.

### B.   Discretion to reduce sentence

Although authorized to reduce the sentences in Counts 1 and 13, the Court is not required to do so, and it has broad discretion in making this determination. *See Bullock*, 2020 WL 4436267, at *4 ("However, eligibility does not mean entitlement. Although a district court may have the authority to reduce a sentence under § 404 of the First Step Act, it is not required to do so. A district court has 'wide latitude to determine whether and how to exercise [its] discretion,' and it may consider the 18 U.S.C. § 3553(a) factors and a previous drug-quantity finding made for the purposes of relevant conduct.") (internal citation omitted). *See also United States v. Jones*, 962 F.3d 1290, 1301 (11th Cir. 2020) (in ruling on a First Step Act motion, "a district court, of course, could consider its previous findings of relevant conduct in deciding whether to exercise its discretion to reduce an eligible movant's sentence under section 404(b)").

Defendant submits that the Court should take into consideration his post-sentencing conduct in determining whether to reduce his sentence. ECF No. [1220] at 10-11. In particular, he maintains that since his incarceration, he has "strived only to better himself and tho[se] around him," and he notes that he has completed certain coursework and obtained his G.E.D. *Id.* at 10. The Government, by contrast, asserts that in weighing the § 3553(a) factors, the Court should consider "the full nature of [Defendant's] offense," and that Defendant "well deserved his life sentence," considering the "substantial amounts of cocaine that he trafficked, the number of

resulting deaths attributed to him and his co-conspirators, and his advisory sentencing guideline level 43 that remains unaffected by the retroactive application of the Fair Sentencing Act[.]" ECF No. [1225] at 9. The Government adds that the sentencing court was particularly troubled by Defendant's involvement in the drug organization, his role as its leader, and the related murder of four people, including two young children, for which Defendant was "fully knowledgeable about what was being done" and "is every bit as culpable as the people who actually held the guns and shot the bullets." *Id.* at 10-11 (citing ECF No. [957] at 54, 85-86). In its view, "[t]here is little more than can be added to clearly demonstrate that the § 3553(a) factors clearly do not favor a reduction in Varela's sentence." *Id.* at 11.

Upon review, the Court agrees with the Government that a sentence reduction is not warranted. Section 3553(a)(2) requires a defendant's sentence to "reflect the seriousness of the offense, to promote respect for the rule of law, and to provide just punishment for the offense," as well as to "afford adequate deterrence to criminal conduct" and to "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2). Although Defendant has made some efforts while incarcerated to better himself, such as taking classes, obtaining certain trades, and obtaining a G.E.D., these efforts do not justify the extraordinary relief he requests. His Motion does not demonstrate that he is remorseful for his crimes or accepts responsibility for his actions, that he is ashamed and disturbed by his misconduct and its profound attendant consequences (including the deaths of four family members), that he is no longer interested in criminality, that he respects the rule of law, that he is not a danger to the public or has been rehabilitated, or that he is otherwise deterred from engaging in criminal activity.

Indeed, the sentencing court "look[ed] at the history of Danny Varela, and the Presentence Investigation Report, . . . [which] reflects a young man having difficulties with the law from a

7

very, very young age, and it has simply be[en] an escalation in activity," and determined that the "only just punishment" for Counts 1 and 13 "is the sentence of life imprisonment." ECF No. [957] at 86-88. Defendant does not present grounds showing how a reduced sentence under the present circumstances is justified. Accordingly, the Court declines to exercise its discretion pursuant to the First Step Act to reduce Defendant's sentences.

### III.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [1220]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 4, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Danny Varela
75816-004
Atlanta-USP
United States Penitentiary
Inmate Mail/Parcels
Post Office Box 150160
Atlanta, GA 30315