UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-cr-80171-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DANNY VARELA,

    Defendant.
_____/

## ORDER ON MOTION FOR COMPASSIONATE RELEASE

**THIS CAUSE** is before the Court upon Defendant Danny Varela's ("Defendant") Motion for Compassionate Release, ECF No. [1237] ("Motion"). The Government filed its Response, ECF No. [1238], to which Defendant did not file a reply. The Court has carefully reviewed the Motion, the Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is denied.

### I. BACKGROUND

On March 5, 2009, after a jury trial, the jury returned a verdict finding Defendant guilty of nine charged counts including: conspiring to possess with intent to distribute at least 50 grams of cocaine base and at least 5 kilograms of cocaine, in violation of 21 U.S.C. § 846 (Count 1); possessing with intent to distribute at least 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 2); possessing firearms and ammunition while a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 3); distributing at least 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 11); possessing a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(1) (Count 12); possessing with intent to distribute

at least 50 grams of cocaine base and at least 500 grams of cocaine, in violation of 21 U.S.C. § 2841(a)(1) (Count 13); possessing one or more firearms while a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 14); using and carrying one or more firearms during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(1) (Count 15); and possessing a firearm not registered in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861 (Count 16) ECF Nos. [793], [924]. On May 15, 2009, the Court sentenced Defendant to imprisonment for life, followed by a five-year term of supervised release. ECF No. [920]. Defendant is currently housed at Ray Brook Federal Correctional Institution in Ray Brook, New York.

In the Motion, Defendant requests a reduction in sentence under the compassionate release analysis due to the ongoing COVID-19 pandemic, arguing that his underlying medical conditions put him at an increased risk of serious illness or death and due to changes in the sentencing guidelines. *See* ECF No. [1237]. The Government opposes the Motion, arguing that compassionate release is not warranted in this case because there are no extraordinary and compelling reasons, the § 3553(a) factors do not support a sentence reduction, and Defendant has not been rehabilitated and remains a danger to the community. *See* ECF No. [1238].

SARS-CoV-2, the novel coronavirus, and COVID-19, the disease it causes, have spread across the world and have impacted every person's life. The United States is currently reporting more confirmed cases of COVID-19 and resulting deaths than any other country, with 97,063,357 confirmed cases and 1,065,152 reported deaths as of October 21, 2022.[1] The COVID-19 pandemic poses a serious danger to society at large. Moreover, COVID-19 poses a higher risk to incarcerated

---

[1] *COVID Data Tracker*, Centers for Disease Control and Prevention, https://covid.cdc.gov/covid-data-tracker/#global-counts-rates (last updated October 21, 2022).

individuals who are unable to practice public health precautions that are otherwise available to the general public, such as social distancing practices.

As a result of this dynamic, unpredictable, and unprecedented situation, former Attorney General William Barr urged the Bureau of Prisons ("BOP") to move vulnerable inmates out of penal institutions and into home confinement, where appropriate. *See* Mem. from Attorney Gen. William Barr for Dir. of Bureau of Prisons re: Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (Apr. 3, 2020), https://www.justice.gov/file/1266661/download ("Memorandum"). The Memorandum identifies several facilities that have been particularly affected and should be given priority in the BOP's consideration of implementing home confinement, including FCI Oakdale, FCI Danbury, and FCI Elkton. *Id.* at 1. The former Attorney General made the express finding that extant emergency conditions are materially affecting BOP functioning and directed the BOP to immediately maximize transfers to home confinement for all eligible inmates at the specifically named facilities and other similarly situated facilities where COVID-19 is materially affecting operations. *Id.* The Memorandum further directs the BOP to review all inmates who have COVID-19 risk factors, as established by the Centers for Disease Control and Prevention ("CDC"), to determine their suitability for home confinement, while also emphasizing the importance of protecting the public from individuals who may pose a danger to society, and recognizing the need to avoid over-burdening law enforcement with "the indiscriminate release of thousands of prisoners onto the streets without any verification that those prisoners will follow the laws when they are released . . . and that they will not return to their old ways as soon as they walk through the prison gates." *Id.* at 2-3. Finally, the Memorandum stresses the need for careful and individualized determinations regarding the propriety of releasing any given inmate to home confinement and discourages indiscriminate releases. *Id.* at 3.

## II. LEGAL STANDARD

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, 805 F. App'x 727, 729 (11th Cir. 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, 800 F. App'x 742, 745 (11th Cir. 2020) (quoting *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

The compassionate release provision, § 3582(c)(1)(A), states:

> (c) Modification of an imposed term of imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—
>     (i) extraordinary and compelling reasons warrant such a reduction . . . .
>     . . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

The existing policy statement provides that

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
>  (1)(A) extraordinary and compelling reasons warrant the reduction; or
>
> (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
>  (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
>  (3) the reduction is consistent with this policy statement.

U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2018). Although the existing policy statement still assumes compassionate release "may be granted only upon motion by the Director of the Bureau of Prisons," the United States Court of Appeals for the Eleventh Circuit recently decided that § 1B1.13 is applicable for all § 3582(c)(1)(A) motions, whether filed by the BOP or by a defendant directly, and that courts do not have discretion to develop "other reasons" to justify a reduction in a defendant's sentence. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021), *cert. denied*, 211 L. Ed. 2d 363 (2021). Accordingly, the Court must apply § 1B1.13 to determine whether extraordinary and compelling circumstances exist.

Moreover, § 3582 delineates how this Court should analyze whether a defendant is entitled to a sentence modification.

> *First*, when the defendant brings the motion himself, the Court must ascertain whether he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [whether there has been a] lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(a). *Second*, the Court should "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *Id*. *Third*, the Court should turn to the "extraordinary and compelling reasons" test . . . . And *fourth*, the Court should determine whether the defendant poses a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id*.

*United States v. Stuyvesant*, 454 F. Supp. 3d 1236, 1238 (S.D. Fla. 2020).

Thus, in order to grant Defendant's request pursuant to § 3582(c)(1)(A), the Court must: (1) find that Defendant has exhausted his administrative remedies with the BOP; (2) weigh the relevant § 3553(a) factors; (3) conclude that extraordinary and compelling reasons warrant compassionate release in this case; and (4) determine that Defendant is not a danger to the community. Moreover, Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted, but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted"). With these standards in mind, the Court considers the instant Motion.

### III. DISCUSSION

#### A. Exhaustion of administrative remedies

As the Government correctly notes in its Response, Defendant has failed to establish that he exhausted his administrative remedies with the BOP. ECF No. [1238] at 7. Defendant attached to this Motion what appears to be a portion of an email exchange in which he requests compassionate release. See ECF No. [1237] at 19. The response purportedly denying his request appears to come from the Warden. However, it is not signed by any individual, nor is there any

indication that Defendant addressed the request for compassionate release with his "Unit Team" as directed by the email. *See id*. As such, Defendant has not provided the Court with any indication that he submitted a proper request for compassionate release to the warden of his facility, much less that thirty days have elapsed since making such request. This failure to exhaust BOP remedies—or to even submit a request—alone is a sufficient basis to deny the Motion. However, even if Defendant had satisfied the exhaustion requirement, as explained below, he fails to demonstrate that extraordinary and compelling circumstances exist in this case.

      **B.**      **Extraordinary and compelling circumstances**

      i.      <u>Medical conditions</u>

First, Defendant's medical records indicate that he has already contracted COVID-19, denied experiencing COVID-19 symptoms at the time, and there is no evidence that he is suffering any lasting effects. *See* ECF No. [1240] at 9-22, 26. Defendant's medical records also indicate that on March 20, 2021, Defendant refused to be vaccinated against COVID-19. ECF No. [1240-1] at 19. Although the Eleventh Circuit has not specifically spoken, the Circuits that have spoken on this point remain consistent in finding that a "prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release. The risk is self-incurred." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021); *see also United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) ("if an inmate does not present a compelling reason justifying the failure to be vaccinated despite access to the vaccine, a district court would abuse its discretion by granting a motion seeking a sentence reduction under § 3582(c)(1)(A)(i) on the grounds that COVID-19 constitutes an extraordinary and compelling justification."). Courts in this district have followed the guidance of those Circuits that have spoken. *See United States, v. Ospina*, 19-20153-CR, 2022 WL 6732160,

at *6 n. 1 (S.D. Fla. Oct. 11, 2022) ("if [defendant] has chosen *not* to receive a COVID-19 vaccine, then the dangers he faces from COVID-19 are entirely of his own creation and, in that way, cannot constitute extraordinary or compelling circumstances."); *United States v. Olbel*, 06-60344-CR, 2021 WL 3429343, at *8 (S.D. Fla. Aug. 5, 2021) ("Since [defendant] should have gotten his vaccine already, he has little to fear from Covid-19.").

Second, recently updated CDC guidelines indicate that the following health conditions can make adults of any age more likely to become severely ill due to COVID-19: cancer; chronic kidney disease; chronic liver disease; chronic lung diseases, including asthma (moderate to severe); cystic fibrosis; dementia or other neurological conditions; diabetes (type 1 or type 2); disabilities such as Down syndrome; heart conditions, such as heart failure, coronary artery disease, cardiomyopathies, or hypertension; HIV infection, immunocompromised state (weakened immune system); mental health conditions; overweight and obesity; pregnancy; sickle cell disease or thalassemia; current or former smoking; solid organ or blood stem cell transplant; stroke or cerebrovascular disease; substance use disorders; and tuberculosis.[2]

In the Motion, Defendant asserts that he suffers from multiple health conditions, including obesity and hypertension. However, the Government points out that Defendant's medical records fail to reveal that he acutely suffers from those conditions. The medical records contain a health screen wherein the Defendant denies exhibiting hypertension as of July 30, 2021. ECF No. [1240-1] at 1. Moreover, while the claimed health conditions might place him at high risk due to COVID-19, the medical records reveal that Defendant had COVID-19 in January of 2022 without experiencing any symptoms.

---

[2] *People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 2, 2022).

Third, in keeping with § 1B1.13,[3] in order for Defendant's medical conditions to provide justification for compassionate release, the Court must find that Defendant is either suffering from a terminal illness, or that his serious physical or medical condition, or serious functional or cognitive impairment, substantially diminishes his ability to provide self-care and from which he is not expected to recover. *See* U.S. Sent'g Guidelines Manual § 1B1.13, cmt. 1(A). Upon review of the Motion and medical records submitted, the Court concludes that the record does not support either finding under the Sentencing Guidelines.

Fourth, "the BOP Director has not found COVID-19 alone to be a basis for compassionate release." *United States v. Harris*, No. 2:12-cr-140-FtM-29DNF, 2020 WL 1969951, at *2 (M.D. Fla. Apr. 24, 2020) (citing *United States v. Eberhart*, No. 13-cr-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence . . . .")). In sum, while the Court is certainly sympathetic to Defendant's concerns regarding COVID-19, the medical records in this case reflect that Defendant is receiving adequate medical treatment, and the BOP can provide treatment for any potential COVID-19 related issues. Defendant has therefore failed to establish extraordinary and compelling circumstances that would warrant early release.

ii.  First Step Act

Defendant also argues that the Court should reduce his sentence because of changes in the sentencing guidelines, and that the fact that he believes he would receive a shorter sentence if sentenced today. ECF No. [1237] at 12. Defendant asserts that the First Step Act allows district

---

[3] Recent Eleventh Circuit precedent in *United States v. Bryant* makes clear that this Court is strictly confined to consideration of only the circumstances described in the Sentencing Guidelines in determining whether extraordinary and compelling circumstances exist. 996 F.3d at 1248 (11th Cir. 2021).

courts to consider intervening changes in law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act and relies on *Concepcion v. United States*, 142 S. Ct. 2389, 2396 (2022), to support his argument that even though the First Step Act's changes to the penalties for drug offenses are not retroactive they still bear on a defendant's ability to show extraordinary and compelling circumstances warranting a reduced sentence. *Id*. at 12, 16.

The Government responds that because Varela failed to establish and extraordinary or compelling reasons warranting his release, his reliance on *Concepcion* is misguided. The Government argues that under Eleventh Circuit precedent, Defendant has a high bar to obtain relief because in *Bryant*, the Court held that "district courts cannot reduce a defendant's sentence pursuant to §3582(c)(1)(A) unless a reduction would be consistent with the policy statement located at U.S.S.G. § 1B1.13." *Bryant,* 996 F.3d at 1262. The Government goes on to argue that because defendant did not present and extraordinary or compelling reason that his sentence should be reduced under U.S.S.G. § 1B1.13, he is not eligible for a sentence reduction under the binding Eleventh Circuit precedent. The Court agrees with the Government.

Pursuant to U.S.S.G. § 1B1.13(1)(A), "the court may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that [e]xtraordinary and compelling reasons warrant the reduction." U.S.S.G. § 1B1.13(1)(A). The Notes provide, in pertinent part, that extraordinary and compelling reasons exist under any of the circumstances set forth below:

> 1. **Extraordinary and Compelling Reasons.**—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> > (A) **Medical Condition of the Defendant.**—
> > (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period)

>   is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
>   (ii) The defendant is—
>
>   >   (I) suffering from a serious physical or medical condition,
>   >
>   >   (II) suffering from a serious functional or cognitive impairment, or
>   >
>   >   (III) experiencing deteriorating physical or mental health because of the aging process,
>   >
>   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) **Age of the Defendant.**—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) **Family Circumstances.**—
>
>   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
>   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, cmt. n.1.

Here, in arguing that extraordinary and compelling reasons exist, Defendant articulates all of the ways that he believes that his sentence would be different if he were resentenced today. The Notes, on the other hand, specifically refer to personal characteristics of defendants, such as a medical condition, age, or family-related concerns as circumstances that warrant a finding of extraordinary and compelling reasons. Defendant's proffered justification for a sentence reduction

in this case lies far afield from any such considerations. Indeed, Defendant essentially argues that the Court would sentence him to less time if he was sentenced today, but Defendant provides no authority, nor has the Court found any, to support relief pursuant to § 3582 or a finding of extraordinary and compelling reasons. The Court therefore finds that Defendant fails to demonstrate that extraordinary and compelling reasons exist, where the basis for his request is not related to the relevant personal considerations set forth in § 1B1.13.

Based on the discussion above, the Court concludes that Defendant has not satisfied his burden of demonstrating that compassionate release or a reduction in his sentence is warranted.

### C. Appointment of Counsel

In the Motion, Defendant seeks the appointment of counsel, if the government opposes his Motion, arguing that due to the COVID-19 pandemic he has experienced continuous institutional lockdowns and he does not have adequate access to the institutional library for legal assistance and research. ECF No. [1237] at 1. However, it is well settled that 18 U.S.C. § 3006A(c) does not provide a statutory right to counsel for a § 3582(c) motion, nor is there a constitutional right to counsel for this type of proceeding. *United States v. Cain*, 827 F. App'x 915, 921 (11th Cir. 2020) (concluding that the right to counsel does not extend to proceedings under 18 U.S.C. § 3582(c)(1) (citing *United States v. Webb*, 565 F.3d 789, 794-95 (11th Cir. 2009))); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal as of right, and no further."). As such, "the decision to appoint an attorney is left to the discretion of the district court." *Webb*, 565 F.3d at 795. The Court may appoint counsel if the interests of justice so require. *See* 18 U.S.C. § 3006A(a)(2); *Cain*, 827 F. App'x at 921-22. In this case, there is no indication that the Constitution, statutory authority, or the interests of justice support the appointment of counsel.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [1237]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 27, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Danny Varela
75816-004
Ray Brook
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 900
Ray Brook, NY 12977
PRO SE