UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-cr-80171-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DANNY VARELA,

    Defendant.
_____/

## ORDER ON RENEWED MOTION FOR COMPASSIONATE RELEASE

**THIS CAUSE** is before the Court upon Defendant Danny Varela's ("Defendant") Renewed Motion for Reduction of Sentence Pursuant to 18 U.S.C. §3582, ECF No. [1245] ("Motion"). The Government filed its Response, ECF No. [1247], to which Defendant did not reply. The Court has carefully reviewed the Motion, the Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is denied.

### I. BACKGROUND

On March 5, 2009, after a jury trial, the jury returned a verdict finding Defendant guilty of nine charged counts including: conspiracy to possess with intent to distribute at least 50 grams of cocaine base and at least 5 kilograms of cocaine, in violation of 21 U.S.C. § 846 (Count 1); possession with intent to distribute at least 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 2); possession of firearms and ammunition while a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 3); distribution of at least 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 11); possession of a firearm during and in relation to a drug

trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(1) (Count 12); possession with intent to distribute at least 50 grams of cocaine base and at least 500 grams of cocaine, in violation of 21 U.S.C. § 2841(a)(1) (Count 13); possession of one or more firearms while a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 14); using and carrying one or more firearms during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(1) (Count 15); and possession of a firearm not registered in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861 (Count 16) ECF Nos. [793], [924]. On May 15, 2009, the Court sentenced Defendant to imprisonment for life, followed by a term of supervised release of five years. ECF No. [920]. Defendant is currently housed at Ray Brook Federal Correctional Institution in Ray Brook, New York.

The Court previously denied Defendant's Motion to Reduce Sentence Pursuant to the First Step Act, ECF No. [1220], and Motion for Compassionate Release Under 18 U.S.C. § 3582, ECF No. [1237]. *See* ECF Nos. [1226], [1242]. Defendant now brings the instant Motion seeking "an order reducing his previously imposed term of incarceration, due to the 'extraordinary and compelling' reasons set forth herein, to a term of supervised release with any and all conditions the Court deems necessary." ECF No. [1245] at 1-2 (footnote call numbers omitted). The Government responds that the "Court should deny Varela's motion because he has failed to exhaust administrative remedies; he does not meet the requirements of the applicable Sentencing Commission's policy statements in U.S.S.G. §1B.1.13; and the § 3553 factors strongly weigh against his release." ECF No. [1247] at 1.

## II. LEGAL STANDARD

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, 805 F. App'x 727, 729 (11th Cir. 2020) (quoting 18 U.S.C. § 3582(c)).

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, 800 F. App'x 742, 745 (11th Cir. 2020) (quoting *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

The compassionate release provision, § 3582(c)(1)(A), states:

(c) Modification of an imposed term of imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—
(1) in any case—
(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—
   (i) extraordinary and compelling reasons warrant such a reduction . . . .
       . . . .
and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

Therefore, in order to grant Defendant's request pursuant to § 3582(c)(1)(A), the Court must: (1) find that Defendant has exhausted his administrative remedies with the BOP; (2) weigh the relevant § 3553(a) factors; (3) conclude that extraordinary and compelling reasons warrant compassionate release in this case; and (4) determine that Defendant is not a danger to the community. Moreover, Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted, but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted"). With these standards in mind, the Court considers the instant Motion.

### III. DISCUSSION

#### A. Exhaustion of administrative remedies

Defendant contends that he exhausted all administrative remedies prior to filing the Motion. He explains that on March 8, 2023, he requested "compassionate release or a reduction in sentence 'in light of the COVID-19 pandemic, {his} vulnerability to virus, {} positive institutional adjustment and recent changes in the law.'" ECF No. [1245] at 7. Defendant states that on April 10, 2023, he received a denial of his request from the warden of his institution. *Id*.

The Government responds that when the warden denied Defendant's reduction in sentence request, "[t]he warden advised Varela that he could commence an appeal of the decision." ECF No. [1247] at 4. The Government argues that Defendant has failed to exhaust his administrative remedies because there is no record of Defendant appealing the denial of his request for a reduction in sentence. *Id*. In support, the Government cites *United States v. Rodrigues*, 847 F. App'x 609, 611 (11th Cir. 2021). In that case, the Eleventh Circuit affirmed the district court's denial of

4

compassionate release because there was nothing in the record to indicate that the defendant "(1) made a request for compassionate release to the warden prior to filing his motion; (2) waited 30 days after making such a request to the warden; or (3) appealed a denial from the warden after making such a request." *Id*.

Courts in this district have determined that where a defendant "did not appeal the warden's decision through the Administrative Remedy Program," they "Failed to exhaust [] administrative remedies." *United States v. Barbieri*, No. 18-20060-CR, 2021 WL 2646604, at *2 (S.D. Fla. June 28, 2021); *see also United States v. Guzman*, No. 11-CR-20362, 2020 WL 6214093, at *3 (S.D. Fla. Sept. 17, 2020), *report and recommendation adopted,* No. 11-CR-20362, 2020 WL 6204408 (S.D. Fla. Oct. 22, 2020); *United States v. Kranz*, No. 2:18-CR-14016, 2020 WL 2559551, at *3 (S.D. Fla. May 20, 2020). Defendant did not file a reply and there is no evidence or argument in the record that demonstrates Defendant properly exhausted his administrative remedies by appealing the warden's denial of his request. Because Defendant failed to properly exhaust his administrative remedies the Court does not reach the merits of Defendant's Motion.[1]

## B.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [1237]**, is **DENIED**.

---

[1] The parties as well as the Court note that much of the substance of Defendant's argument is premised on the Sentencing Commission's recently approved amendments to U.S.S.G. § 1B1.13. Both Parties as well as the Court further note that those amendments are scheduled to take effect on November 1, 2023, unless Congress acts to overturn the Sentencing Commission's decision. *See* ECF Nos. [1245] at 1 n.1; [1247] at 6 n. 2. To the extent Defendant intends to exhaust his administrative remedies and re-raise the arguments presented in his Motion, the Court will only consider the arguments based on changes to U.S.S.G. § 1B1.13 after they become effective.

Case No. 06-cr-80171-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 20, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Danny Varela
75816-004
Ray Brook
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 900
Ray Brook, NY 12977
PRO SE