UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 06-80171-CR-BLOOM/HUNT

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

DANNY VARELA,

        Defendant.

_____/

## REPORT AND RECOMMENDATIONS

THIS CAUSE is before this Court on Defendant's pro se Motion for a Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  ECF No. 1251.  The Honorable Beth Bloom, United States District Judge, referred this matter to the undersigned United States Magistrate Judge for disposition.  ECF No. 1258; *see also* 28 U.S.C.A. § 636(b); S.D. Fla. L.R., Mag. R. 1.  Upon thorough review of the Motion, the Government's Response in Opposition, ECF No. 1255, Defendant's Reply, ECF No. 1260, the record, applicable law, and being otherwise fully advised in the premises, the undersigned respectfully RECOMMENDS that the Motion be DENIED, as more fully discussed below.

## BACKGROUND

On February 14, 2008, a grand jury returned a Third Superseding Indictment charging Varela with conspiracy to possess with intent to distribute at least 50 grams of crack cocaine and 5 kilograms of powder cocaine, in violation of 21 U.S.C. § 846 (Count 1); possession with intent to distribute at least 500 grams of powder cocaine, in violation of 21 U.S.C. § 841(b)(1)(B) (Count 2); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Counts 3 and 14); distribution of at least 500 grams of

powder cocaine, in violation of 21 U.S.C. § 841(b)(1)(B) (Count 11); use of a firearm in connection with a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Counts 12 and 15); possession with intent to distribute at least 50 grams of crack cocaine and 500 grams of powder cocaine, in violation of 21 U.S.C. § 841(b)(1)(A) (Count 13); and possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d) (Count 16). ECF No. 305. Following a jury trial, Varela was convicted of all counts and sentenced to life imprisonment as to Counts 1 and 13 (to be served concurrently, along with various concurrent specified lesser terms as to Counts 2, 3, 11, 14, and 16). This life sentence was to be followed by mandatory consecutive terms of 60 and 300 months as to the § 924(c) counts (Counts 12 and 15). The Court also imposed a five-year term of supervised release. ECF No. 924.

    The Eleventh Circuit affirmed Varela's conviction and sentence on August 16, 2011. *United States v. Liana Lee Lopez, et al.,* 649 F.3d 1222, 1226 (11th Cir. 2011). On March 7, 2016, Varela filed a motion to vacate his sentence under 28 U.S.C. § 2255. ECF No. 1186 (Civil Case No. 16-80333-CIV-HURLEY)). The motion was dismissed as time barred. On July 14, 2020, Varela filed a Motion for Reduction of Sentence Under Section 404 of the First Step Act, 18 U.S.C. § 3582(c)(1)(B). ECF No. 1220. This Court (Judge Bloom) denied the motion, concluding that a sentence reduction was not warranted. After considering the factors outlined in 18 U.S.C. § 3553, the Court found that "[a]lthough Defendant has made some efforts while incarcerated to better himself . . . [h]is Motion does not demonstrate that he is remorseful for his crimes or accepts responsibility for his actions, that he is ashamed and disturbed by his misconduct and its profound attendant consequences (including the death of four family members), that he

is no longer interested in criminality, that he respects the rule of law, that he is not a danger to the public or has been rehabilitated, or that he is otherwise deterred from engaging in criminal activity." ECF No. 1226 at 7.

On August 30, 2022, Varela filed his first motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 1237. He asked the Court for early release due to the dangerousness of the COVID-19 virus; his health conditions, specifically, obesity and hypertension; the periodic lockdowns at the prison; changes in the law regarding his offenses of conviction and their "enhancements"; the definition of a serious drug offense; and because intervening caselaw (*Concepcion v. United States*, 142 S.Ct. 2389 (2022)) warranted consideration of extraordinary and compelling reasons for a sentence reduction. This Court denied the motion, finding that Varela failed to exhaust administrative remedies, and that even if he had done so, he failed to demonstrate extraordinary and compelling circumstances sufficient to justify a sentence reduction. ECF No. 1242 (noting, *inter alia*, that Varela declined COVID-19 vaccination and failed to mitigate the risks of COVID-19; that he contracted COVID-19 and did not experience any symptoms; that he was able to provide self-care; and that he received adequate medical treatment in his facility).

On July 24, 2023, Varela filed a renewed motion for compassionate release based on the same arguments he presented in his first compassionate release motion. ECF No. 1245. In this motion, Varela similarly cited the COVID-19 pandemic and changes in the law as reasons that warranted a reduction in sentence. The Court denied this second motion for failure to exhaust administrative remedies. ECF No. 1248.

Varela has now filed a third motion for compassionate release pursuant to 18

U.S.C. § 3582(c)(1)(A), raising essentially the same arguments he has raised in the previous motions. He argues that he has now met the standard for extraordinary and compelling circumstances due to his unusually long sentence; changes in the law that would result in a lower sentence today; and his ongoing health risks due to the COVID pandemic. He again maintains that *Concepcion* compels the requested relief. ECF No. 1251.

## GOVERNMENT'S POSITION

To begin with, the Government concedes that Varela has now exhausted his available administrative remedies. ECF No. 1255 at 4 n. 1. The Government contends, however, that the law-of-the-case doctrine should control here. Under the law-of-the-case doctrine, "an issue decided at one stage of a case is binding at later stages of the same case." *United States v. Hubbard*, 520 F. App'x 930 (11th Cir. 2013). There are three exceptions to the law-of-the-case doctrine: (1) the evidence in a subsequent trial or proceeding is substantially different; (2) there is a change in controlling law; or (3) the prior decision was clearly erroneous and would work manifest injustice. *Id.* The Government maintains that none of these exceptions apply here and characterizes Varela's third motion as nothing more than a continuing attempt to relitigate this Court's prior orders denying relief. Nevertheless, the Government addresses each of Varela's arguments, and each argument will be discussed below.

## ANALYSIS

### A. Law of the Case

Though superficially appealing, the undersigned recommends against deciding this matter under the law-of-the-case doctrine. The Government stands on firm ground

as to the second and third *Hubbard* factors. While there may have been a change in the law subsequent to Defendant's conviction, there has been no such change since the last time Defendant made these arguments. Likewise, he has presented no evidence that the previous denials of relief were clearly erroneous or unjust. But the intrinsic nature of a motion for compassionate release makes the first factor a poor fit for disposition of such a motion under the law-of-the-case doctrine. Though the evidence supporting compassionate release *now* may well be similar to the arguments previously advanced by Defendant, it is unlikely to be identical. An inmate's health, for example, or ongoing health risks at a prison are not static conditions. They are subject to constant change. Accordingly, it makes better sense to address Defendant's arguments in light of the facts as currently alleged, even if we may ultimately arrive at the same result.

### B. Extraordinary and Compelling Reasons

Under 18 U.S.C § 3582(c)(1)(A), an inmate is eligible for compassionate release only (1) if the defendant demonstrates there are "extraordinary and compelling reasons" for a sentence reduction or (2) the relief is consistent with the Sentencing Commission's relevant policy statements in U.S.S.G. § 1B1.13 and the applicable 18 U.S.C. § 3553(a) factors; and (3) the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g). District courts may not reduce a sentence under § 3582(c)(1)(A) unless a reduction would be consistent with § 1B1.13. *See United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021) ("[W]e hold that [§] 1B1.13 is an applicable policy statement that governs all motions under Section 3582(c)(1)(A). Accordingly, district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with [§] 1B1.13.").

As of November 1, 2023, extraordinary and compelling reasons include: (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) victim of abuse; (5) other reasons; and (6) unusually long sentence. U.S.S.G. §1B1.13.  Varela principally relies on health risks related to the COVID-19 pandemic, changes in the law that would result in a lower sentence today, and what he believes to be an unusually long sentence.

1. **Medical Circumstances**

Medical circumstances that a court may find to qualify as extraordinary and compelling reasons include a terminal illness; a serious medical condition or impairment or a deterioration of physical or mental health caused by aging that "substantially diminishes the ability of the defendant to provide self-care and from which he is not expected to recover; and a medical condition requiring long-term or specialized medical care that is not being provided and that presents a risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1).  A court may also find extraordinary and compelling reasons justifying compassionate release under this category if the defendant shows that he is housed at a correctional facility affected by an ongoing outbreak of infectious disease or public health emergency; the defendant is at increased risk of suffering severe medical complications or death as a result; and this risk cannot be adequately mitigated in a timely manner. *Id.*

Varela fails to meet his burden for compassionate release under the medical circumstances factor. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (§ 3582(c)(2) movant bears the burden of establishing that compassionate release is warranted); *United States v. Willis*, 382 F. Supp. 3d 1185, 1188 (D.N.M. 2019) (relief is

"rare" and "extraordinary").  Varela again asks the Court to consider his exposure to COVID-19.  But as this Court previously ruled, Varela "already contracted COVID-19, denied experiencing COVID-19 symptoms at the time, and there is no evidence that he is suffering any lasting effects" and he "refused to be vaccinated against COVID-19." ECF No. 1242 at 7-8. This Court concluded that based on those considerations, Varela did not demonstrate extraordinary and compelling reasons for release on October 27, 2022. Varela now appears to be rehashing, without any significant updates or changes, the same arguments this Court previously considered and rejected.

This Court previously found that Varela failed to mitigate the risks associated with COVID-19 by refusing to take the vaccine.  He therefore cannot now rely on the speculative side effects of COVID-19 to establish an extraordinary and compelling reason for compassionate release. *See United States v. Guyton*, No. 22-10984, 2023 WL 2604640, at *3 (11th Cir. Mar. 22, 2023) (defendant's "speculation that he will contract COVID- 9 again, and if he does, that he will suffer severe symptoms" does not warrant a reduction of his sentence); *United States v. Riggs*, 2023 WL 4037161 (N.D. Ala. June 15, 2023) (defendant refused the COVID-19 vaccine and his COVID-19 risk is not ground for compassionate release); *United States v. Silva*, 2023 WL 4599312 (M.D. Fla. July 18, 2023) (same); (*United States v. Savageau*, 2021 WL 833957, at *2 (S.D. Ga. Mar. 4, 2021) (finding that an inmate's recovery from the virus weighs against compassionate release).

Moreover, while COVID-19 remains a risk for those both inside and outside of the Bureau of Prisons, the Government officially declared an end to the COVID-19 pandemic as of May 11, 2023. *See* CDC, *End of the Federal COVID-19 Public Health Emergency*

*(PHE) Declaration* (Sept. 12, 2023) https://www.cdc.gov./coronavirus/2019-ncov/your-health/end-of-phe.html [https://archive.cdc.gov/www_cdc_gov/coronavirus/2019/2019-ncov/your-health/end-ofphe.html]. Varela cannot rely upon lingering COVID-19 risks to justify early release from the Court's lawfully imposed sentence. *See United States v. Giron*, 15 F.4th 1343, 1346-47 (11th Cir. 2021).

**2. Change in the Law**

Next, Varela argues changes in the law as to drug offenses "would have most assuredly resulted in Varela receiving a sentence of less than life if he were sentenced today." (ECF No. 1251 at 18). Specifically, Varela was sentenced to life imprisonment as to Counts 1 and 13 (conspiracy and possession with intent to distribute powder cocaine and crack cocaine). ECF No. 924. Today, Counts 1 and 13 are covered offenses under the First Step Act and carry a statutory term of five to 40 years, not life imprisonment. ECF No. 1226.

But Varela already raised this issue as grounds for a sentence reduction in his First Step Act motion. In denying that motion, this Court ruled that Varela was indeed eligible for a sentence reduction. But the Court also recognized that "eligibility does not mean entitlement," and that the Court has "wide latitude to determine whether and when to exercise [its] discretion." ECF No. 1226 at 6 (citing *United States v. Bullock*, No. 20-10469, 2020 WL 4436267, *4 (11th Cir. Aug. 3, 2020) (internal citation omitted)).

In denying the First Step Act motion, Judge Bloom emphasized that the drug quantities in this case were far from the only factors driving Varela's sentence. Judge Bloom acknowledged that the sentencing court (Judge Hurley) was particularly troubled by Defendant's role as the leader of the drug trafficking organization and the related

8

murder of four people, including two young children. Judge Hurley found that Varela was "fully knowledgeable about what was being done with respect to the murder of the Escobedo family" and "is every bit as culpable as the people who actually held the guns and shot the bullets." ECF No. 1226 at 7 (citing ECF No. 957 at 54, 85-86). Having presided over a lengthy trial and having reviewed the Presentence Investigation Report and all of the § 3553 factors, Judge Hurley determined that the "only just punishment" for Counts 1 and 13 "is the sentence of life imprisonment." ECF No. 957 at 86-87.

Defendant's change-in-the-law argument discounts the fact that he was also sentenced to two separate concurrent terms of 40 years on counts 2 and 11, and three separate concurrent 10-year terms as to counts 3, 14, and 16. More importantly, Judge Hurley imposed a *mandatory* 30 year term of imprisonment to be served *consecutive to the life sentences* for possessing/using and carrying a firearm during drug trafficking crimes (counts 12 and 15). Thus, even if Varela's life sentences were to be reduced to a term of years as to Counts 1 and 13 based on a change in the law, he would still be serving very long sentences on the other drug and gun charges for which he was found guilty. The undersigned sees no reason to recommend altering this Court's previous determination as Varela has not met his burden regarding a change in the law.

### 3. Unusually Long Sentence

In a related claim, Varela argues that under U.S.S.G. § 1B1.13(b)(6) he is eligible for a sentence reduction due to an unusually long sentence. ECF No. 1251 at 22. Specifically, he states he has "been in custody for at least 10 years and his custodial sentence is far longer than it would be – if he were sentenced today." *Id*. Section 1B1.13(b)(6) provides that:

> [i]f a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Though he has served at least ten years and there has been a change in the drug law, this Court has previously ruled that Varela's eligibility for a reduction under § 404 was not sufficient to overcome the § 3553(a) factors. ECF No. 1226 at 7. Nothing has changed since this Court's determination that the § 3553 factors precluded relief. Accordingly, Varela is not entitled to relief under this claim.[1]

### 4. *Concepcion v. United States*

Lastly, to the extent Varela argues that the Supreme Court's decision in *Concepcion v. United States* allows the Court to consider intervening changes in law or fact (such as behavior in prison) in adjudicating compassionate release motions (ECF No. 1251 at 12), his reliance on *Concepcion* is unpersuasive. *See United States v. Beckford*, No. 22-10638, 2022 WL 4372553, at *2-3 (11th Cir. Sept. 22, 2022); *United States v. Burgos*, No. 21-12266, 2023 WL 2129554, at *2 (11th Cir. Feb. 21, 2023). *Concepcion* dealt with a sentence reduction under § 404 of the First Step Act, not a motion for compassionate release. *Concepcion*, 142 S. Ct. at 2395 ("The Court therefore holds that

---

[1]. The Government argues that the Sentencing Commission exceeded its Congressionally-delegated authority in promulgating subsection (b)(6). The undersigned does not address this contention, as Defendant has not demonstrated any entitlement to relief under this section, even assuming the section is valid. *But see United States v. Chineag,* Case No. 01-00607-CR-RUIZ, 2025 WL 482342 (S.D. Fla. February 6, 2025) (finding that the Commission exceeded its authority in promulgating subsection (b)(6)).

the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act."). Moreover, *Concepcion* addresses the proper considerations for a court resentencing a defendant pursuant to that Act, not the propriety of the court's decision to grant the motion in the first place. See *United States v. King*, 40 F.4th 594, 596 (7th Cir. 2022) ("We take the Supreme Court at its word that *Concepcion* is about the matters that district judges may consider when they resentence defendants. So understood, *Concepcion* is irrelevant to the threshold question whether any given prisoner has established an 'extraordinary and compelling' reason for release.").

In any event, as discussed above, nothing about Varela's post-sentencing conduct or intervening changes in the law suffice to demonstrate extraordinary and compelling reasons for release.

### C. The § 3553(a) Factors Strongly Weigh Against Release

Finally, even if Valera were able to establish extraordinary and compelling reasons for release, Varela's motion would still fail, as Varela's early release would seriously undermine community safety based on 18 U.S.C. § 3142(g), the seriousness of his crime, and the factors set forth in 18 U.S.C. § 3553(a). Those § 3553(a) factors include (1) his sentence relative to the nature and seriousness of his offense; (2) his personal history and characteristics; (3) the need for a sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need to afford adequate deterrence; (5) the need to protect the public from further crimes of the defendant; (6) the need to provide rehabilitative services; (7) the applicable guideline sentence; and (8) the need to avoid unwarranted sentencing disparities among

defendants with comparable records found guilty of similar conduct. *See* 18 U.S.C. § 3553(a)(1)-(6); *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (compassionate release is discretionary, not mandatory, and can be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)).

Varela's offense conduct involved being the leader of a violent drug conspiracy where four people, including a three-year-old and a four-year-old child, were shot to death. His extensive criminal history, beginning when he was a juvenile, includes auto theft, grand theft, domestic battery, assault, trafficking in cocaine, sale of cocaine, and felon in possession of a firearm.  PSI ¶ 62-87. Varela has been involved with the legal system since the age of 12 with consistent escalation in the seriousness of his criminal conduct. *Id.*

As this Court previously concluded in rejecting Varela's Section 404 motion in October 2020, Varela has "not demonstrated that he is remorseful for his crimes or accepts responsibility for his actions, that he is ashamed and disturbed by his misconduct and its profound attendant consequences (including the death of four family members), that he is no longer interested in criminality, that he respects the rule of law, that he is not a danger to the public or had been rehabilitated, or that he is otherwise deterred from engaging in criminal activity."  ECF No. 1226 at 7.  There is no basis for altering this Court's § 3553(a) calculus.[2]

---

[2]  Varela concedes that postconviction rehabilitative efforts alone cannot form an extraordinary and compelling reason justifying compassionate release. ECF No. 1251 at 5, n. 7.  *See Chineag*, 2025 WL 482342, at *21 (citing U.S.S.G. § 1B1.13(d)).  Rather, he asks that such efforts be considered as part of the § 3553 analysis.  While his rehabilitative efforts are laudable, and may be considered, they do not outweigh or significantly diminish the other factors previously considered and relied upon by Judge Hurley and Judge Bloom.

Accordingly, the undersigned finds that Varela has not met his burden of proving that his early release from custody is warranted.

## **RECOMMENDATION**

For the reasons set forth above, the undersigned hereby RECOMMENDS that Defendant Varela's Renewed Motion for Sentence Reduction be DENIED.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE and SUBMITTED at Fort Lauderdale, Florida, this 28th day of February, 2025.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
　　The Honorable Beth Bloom
　　All Counsel of Record